**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **MICHAEL C. GRIFFIN,** | : | **Case No. 1:25-cv-700** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Judge Susan J. Dlott** |
| **vs.** | : | |
| | : | |
| **ANTHONY BROCK,** | : | **Chief Magistrate Judge Stephanie K.** |
| | : | **Bowman** |
| **Defendant.** | : | |
| | : | |

---

## REPORT AND RECOMMENDATION

---

Plaintiff, a prisoner at the Chillicothe Correctional Institution ("CCI"), proceeding without the assistance of counsel, has filed a civil rights complaint alleging that Defendant Anthony Brock, a Judge with the Clermont County Court of Common Pleas, deprived Plaintiff of his Fifth Amendment privilege against self-incrimination, Fourteenth Amendment right to equal protection, and Fourteenth Amendment right to the presumption of innocence. (Doc. 1-1, at 10). These allegations stem from actions taken by Defendant Judge Brock in a criminal case against Plaintiff in Clermont County that involved a different criminal case against Plaintiff in Hamilton County. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the Complaint to

determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.C.S. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's claims **be DISMISSED without prejudice** for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

**Screening of Plaintiff's Complaint**

**A.  Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or *repetitive* lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*\*\*
>
> (B) the action or appeal—

2

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C §§ 1915A and 1915(e)(2)(B)(ii). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands of the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations' … [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice

3

if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## B. Allegations in the Complaint

Plaintiff's Complaint, in its entirety, states as follows:

On February 6, 2024 at the Plaintiff's trial in Clermont County the Defendant, Judge Anthony Brock, a Clermont County Common Pleas judge acting in his official capacity denied the Plaintiff, Michael Griffin his U.S. Constitutional Fifth Amendment right against Self-Incrimination, Fourteenth Amendment right to Equal Protection of the Law, and Fourteenth Amendment right to the Presumption of Innocence in regards to a pending charge in Hamilton County at Griffin's trial in Clermont County.

4

The Defendant, Judge Anthony Brock acted in complete absence of jurisdiction in the Hamilton County matter when he ruled on the record that if the Plaintiff wished to testify in the matter before the Clermont County court that he could not exercise his Fifth Amendment right not to answer questions asked of him about the pending Hamilton County charge (A matter that the trial court lacked the jurisdiction to make any rulings on) that he would be required to answer questions posed to him about the pending Hamilton County matter and that any answers the Plaintiff might give in regards to that pending charge could be used as evidence against the Plaintiff by the Hamilton County authorities in their prosecution of that charge. These actions of the Defendant deprived the Plaintiff of his Fifth Amendment right against Self-Incrimination, Fourteenth Amendment right to Equal Protection of the Law, and Fourteenth Amendment right to the Presumption of Innocence.

(Doc. 1-1, at 11).

In relief, Plaintiff requests $84,600.00 in compensatory damages and $800,000.00 in punitive damages; fees to cover the cost of this suit and any attorney fees that might be incurred during litigation of this action. (*Id*. at 12).

### C. Analysis

Based on the allegations above, Plaintiff states that he is bringing claims against Defendant Brock, in his individual and official capacities, for alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution. But even liberally construed and without the benefit of briefing by the parties, it is evident that the Complaint should **be DISMISSED**.

As summarized by the Ohio Court of Appeals for the Twelfth Appellate District, Plaintiff was criminally charged for a series of convenience store break-ins in Clermont County—four incidents that occurred in 2022 and 2023--by a person matching Plaintiff's

5

build, during which the perpetrator each time broke the glass door, headed immediately for the ATM machine, used a circular saw to access cash in the machine, and fled the scene on an electric scooter. *State v. Griffin*, No. 2024 CA-04-029, 2025 WL 1156865, at *1 (Ohio App. Dist. 12 Apr. 21, 2025). Later in 2023, a Springfield Township Police Officer discovered a break-in in progress at a convenience store in Hamilton County (that bore all of the hallmarks as the Clermont County break-ins for which Plaintiff was charged). Plaintiff attempted to flee, discarding various items (cash, the saw, and his backpack) in the process, but was apprehended. In connection with the Clermont County break-ins, Plaintiff was indicted on four counts of breaking and entering, four counts of safecracking, one count of grand theft, and two counts of theft. He was charged separately for the Hamilton County break-in. (*Id.*).

> Relevant to the instant Complaint, the appellate court explained as follows:

> After the state presented its case-in-chief, Griffin's counsel informed the court that Griffin wished to testify in his own defense. However, Griffin requested that the state be prohibited from cross-examining him about the Hamilton County offense. The trial court denied this request, explaining that Griffin could either exercise his right to remain silent or choose to testify, but he could not limit the scope of cross-examination. Griffin elected to remain silent, and the case was submitted to the jury. After deliberation, the jury returned a guilty verdict on all counts. ***

*Id.* at *2.

> With respect to Plaintiff's claim that he was denied his Fifth Amendment privilege against self-incrimination by the trial court, the appellate court held:

> In his third assignment of error, Griffin contends that his Fifth Amendment right against self-incrimination was violated because the trial court did not

6

allow him to take the stand and avoid cross-examination on the Hamilton County offense. However, it is well established that criminal defendants who voluntarily take the stand in their own defense voluntarily subject themselves to cross-examination. (citation omitted). In this case, Griffin was not entitled to restrict the state's cross-examination regarding the Hamilton County offense. After learning that he would not be entitled to restrict the scope of the state's cross-examination, Griffin invoked his right not to testify. Accordingly, there was no violation of his Fifth Amendment right against self-incrimination. Griffin's third assignment of error is overruled.

*Id*. at *4. The appellate court rejected Plaintiff's assignments of error and affirmed the judgment against him.

It is clear that Plaintiff is attempting to challenge his underlying state-court criminal conviction through this federal civil rights complaint. That means that his claims against Defendant Brock are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 civil rights action seeking monetary damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. When a successful § 1983 action would necessarily imply that a prior sentence or conviction was invalid, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by the issuance of a writ of habeas corpus. *Id*.; *see also Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*,

520 U.S. 641, 646-48 (1997). Plaintiff's claims against Defendant Brock directly implicate the validity of Plaintiff's conviction. And Plaintiff has not demonstrated that his conviction or sentence has been reversed or direct appeal, declared invalid, expunged by executive order, or called into question in habeas corpus. His claims thus are squarely barred by the *Heck* doctrine.

Even if Plaintiff's claims were not barred by *Heck*, his Complaint alternatively would be subject to dismissal for another reason. Defendant Brock is protected by judicial immunity, which shields judges and other public officers "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id*. at 11-12. In deciding whether an act is judicial in nature, the Court should consider (1) "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge; and (2) whether [the parties] dealt with the judge in his judicial capacity." *Id*. at 12.

Here, Plaintiff has not plausibly alleged any facts that would show Defendant Brock acted outside the scope of his judicial capacity. His ruling in the case before him fell squarely within prescribed judicial duties. Nor did he act in the absence of all jurisdiction, since his ruling was made in the case before him—not in the case pending in

8

Hamilton County. That being so, even assuming Plaintiff's claims were not precluded by the *Heck* doctrine, Defendant Brock is entitled to judicial immunity and Plaintiff's claims against him would be subject to dismissal for failure to state a claim.

## Summary and Conclusion

The Undersigned has screened the Complaint (Doc. 5) as required under 28 U.S.C. §§ 1915 and 1915A, and concludes that Plaintiff's claims should **be dismissed**.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The Complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) for failure to state any claim.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the reasons stated above an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R.Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may

accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED.**

February 25, 2026                                    *s/Stephanie K. Bowman*
                                                     STEPHANIE K. BOWMAN
                                                     United States Chief Magistrate Judge