IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Michael Griffin, | : | Case No. 1:25-cv-700 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting Report and |
| | : | Recommendation |
| Anthony Brock, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court the Report and Recommendation issued by the Magistrate Judge on February 25, 2026, to which no objections were filed.  (Doc. 5.)  For the reasons that follow, the Magistrate Judge's Report and Recommendations will be **ADOPTED**.

Plaintiff, a prisoner at the Chillicothe Correctional Institution, filed the pending civil rights lawsuit alleging that Defendant Anthony Brock, a judge with the Clermont County Court of Common Pleas, deprived him of his Fifth Amendment privilege against self-incrimination, Fourteenth Amendment right to equal protection, and Fourteenth Amendment right to the presumption of innocence.  (Doc. 1-1.)  As Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Magistrate Judge conducted a *sua sponte* review of the Complaint to determine whether it, or any portion of it, should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or for seeking monetary damages from a defendant who is immune from suit.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Based upon the allegations in the Complaint, the Magistrate Judge found that it is clear Plaintiff is attempting to challenge his underlying state-court criminal conviction through his federal civil rights complaint, and, as such, his claims against Brock are barred by the *Heck*

1

doctrine.  *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  Alternatively, Brock is protected by judicial immunity.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  On these grounds, the Magistrate Judge recommended that Plaintiff's Complaint should be dismissed without prejudice pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim,and that the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).  Plaintiff did not file objections to the Report and Recommendation.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them.  Parties then have fourteen days to file and serve specific written objections to the report and recommendations.  28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard.  *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report."  *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3-19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made.").  Nonetheless, some district courts follow the Advisory Committee Notes to

Rule 72(b) and review the report and recommendation for clear error.

As no objections were filed, and finding the Report and Recommendation to be well-taken, the Court **ADOPTS** the Report and Recommendation.  (Doc. 5.)  The Court therefore, dismisses without prejudice the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and certifies that for the reasons stated above, any appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See McGore*, 114 F.3d at 610–11.

**IT IS SO ORDERED**.

Dated:  May 7, 2026                     S/Susan J. Dlott_____
                                                    Judge Susan J. Dlott
                                                    United States District Court

3